IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 5:17-cv-114-BO

ROSITA SABROSSO-RENNICK )
                              )
             Plaintiff, )
                              )      MEMORANDUM OF LAW
                              )         IN SUPPORT OF
      v. )      MOTION TO DISMISS
                              )  (Fed. R. Civ. P. 12(b)(2), (4), (5), (6))
NORTH CAROLINA STATE TREASURER, )
                              )
           Defendant. )

NOW COMES Defendant North Carolina Department of State Treasurer, by and through the undersigned counsel, and hereby submits this memorandum of law in support of its motion to dismiss the complaint and to deny Plaintiff's request for entry of default, pursuant to Rules 12(b)(2), (4), (5) and (6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

Plaintiff initiated this action by filing an Application to Proceed *in forma pauperis* on 2 March 2017, along with an attached complaint and proposed summons. (DE-1, 1-1, 1-3). The application was granted by order of 23 March 2017 and the summons and complaint were filed 24 March 2017. (DE-4, 5, 6) The summons was issued to the "North Carolina Dept. of State Treasurer" (DE-6) and the complaint names as Defendant "North Carolina State Treasurer c/o North Carolina Local Government Commission." (DE-5) The Process Receipt and Return (US Marshall form 285) names "North Carolina Department of State Treasurer" as the entity to serve (DE-6-1), and the 'green card' shows that it was addressed to "North Carolina Dept. of State Treasurer." (DE-9)

On 22 May 2017, Defendant received via regular U.S. Mail Plaintiff's "Request for an Order of Default." (DE-10)

Plaintiff's complaint sets out two claims: (1) "Retaliation in Violation of The Title Seven" and (2) "Retaliation in Violation of N.C.G.S. § 1A-1" which Plaintiff identifies as the "Retaliation Employment Discrimination Act." (DE-5, pp 1, 6)  She alleges that on 2 December 2016, she received a right to sue letter from the EEOC.  (DE-5, p 1)  Plaintiff generally alleges that she was hired by the Department of State Treasurer ("DST") in June 2014, and from July 2015 until her eventual termination in February 2016, she was subjected to a series of disciplinary actions, allegedly based on her poor work performance.  Plaintiff contends that these actions were in retaliation for her having complained to "HR" that her supervisor had spoken to her in what she perceived to be a condescending manner, based upon her race.  (DE-5, pp 1-6)

I.    PLAINTIFF HAS FAILED TO BRING DEFENDANT WITHIN THIS COURT'S JURISDICTION, BECAUSE PROCESS AND ATTEMPTED SERVICE ON DEFENDANT IS INSUFFICIENT.

Plaintiff's complaint must be dismissed for insufficient process and service of process, and consequent lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5).  Plaintiff named an incorrect entity in the summons, such that a proper summons did not issue, and as a result of the incorrect information, the summons and complaint were not served on Defendant DST as provided by law, resulting in both insufficient process and service of process under Fed. R. Civ. P. 12(b)(4) and (b)(5).  Accordingly, this Court lacks personal jurisdiction over DST under Fed. R. Civ. P. 12(b)(2).  *Miller v. Ingles*, No. 1:09-CV-200, 2009 U.S. Dist. LEXIS 132035, at *9 (W.D.N.C. Oct. 30, 2009) ("Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant.") (internal citation and quotes omitted).

Fed. R. Civ. P. 4(j)(2) provides that a state or local government:

> must be served by . . .
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each **in the manner prescribed by that state's law** for serving a summons or like process on such a defendant.

*Id.* (emphasis added). The North Carolina Rules of Civil Procedure establish the manner of service of process with respect to an agency of the state:

> . . . by personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, **addressed to said process agent**.

N.C. R. Civ. P. 4(j)(4)a (emphasis added). All state agencies are required by N.C. R. Civ. P. 4(j)(4)b to appoint a process agent by filing with the Attorney General the name and address of the agent upon whom process may be served. "It is well-settled that process must be issued and served in the matter prescribed by statute, and failure to do so makes the service invalid, even though a defendant had actual notice of the lawsuit." *Ryals v. Hall-Lane Moving and Storage Co.*, 122 N.C. App. 242, 247, 468 S.E.2d 600, 604, *disc. rev. denied*, 343 N.C. 514, 472 S.E.2d 19 (1996) (internal citation omitted) (emphasis added). Without valid service, a court does not have the requisite personal jurisdiction over the person or agency as required by law. *Id.*

Here, the North Carolina Department of State Treasurer is an agency of the State. N.C.G.S. § 143A-30. As required by Rule 4, DST has appointed Sam Hayes, its General Counsel, along with two paralegals in the Department, Shannon Conley and Angela Cooper, as process agents for service. See, Attorney General register of process agents, http://ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx. However, Plaintiff's Summons and Complaint were clearly not directed to any of the registered

agents, as required by Rule 4. (DE-6) Therefore, this Court should dismiss Plaintiff's Complaint for insufficient service of process pursuant to Rules 4(j)(2) and 12(b)(4) and (5).

"Although the technical requirements of service of process should be construed liberally so long as the defendant has actual notice of the lawsuit, the mere fact of actual notice does not excuse plain noncompliance with process requirements." *Wilkerson v. Christian*, No. 1:06CV00871, 2008 U.S. Dist. LEXIS 12744, at *4-7 (M.D.N.C. Feb. 19, 2008) (internal citation and quotes omitted); *see also Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco Inc. v. Penrod-Stauffer Bldg. Sys., Inc*., 733 F.2d 1087, 1089 (4th Cir. 1984) (stating that "[s]ince there was no valid service of process, the district court was without jurisdiction of the defendant")); *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-CV-130, 2008 U.S. Dist. LEXIS 58299, at *15 (W.D.N.C. July 7, 2008) ("When service of process is insufficient, a court lacks personal jurisdiction over the defendant."), *appeal dismissed*, 305 Fed. Appx. 80 (4th Cir. 2008).

Because Plaintiff has failed to properly serve the Defendant by ensuring that her summons and complaint were properly addressed to one of Defendant's registered agents for service of process, she cannot now claim that she is entitled to an order of default based upon Defendant's failure to respond.

## II. PLAINTIFF'S COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO RULE 12(b)(6).

Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *See White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected

activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. *See Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004).

In considering a motion to dismiss under Rule 12(b)(6), the factual allegations as contained in the complaint are to be taken as true. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert denied*, 510 U.S. 828 (1993). Though the court must view the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ships*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged.")

Plaintiff's own complaint negates the element that she was performing her job satisfactorily, as it shows management's repeated efforts to try to improve her performance through face-to-face meetings, followed by progressive disciplinary action for poor performance, including written warnings, and ultimately dismissal. Plaintiff fails to show that she was treated differently from similarly situated employees outside the protected class, or that there was a causal link between her alleged protected activity and her termination.

Finally, Plaintiff's alleged violation of "N.C.G.S. § 1A-1" and/or the "Retaliation Employment Discrimination Act" (DE-5, p 6) fails to state a cognizable claim. N.C.G.S. § 1A-1 sets forth the North Carolina Rules of Civil Procedure. While it is not clear exactly what statute Plaintiff is referencing, North Carolina does have a Retaliatory Employment Discrimination Act ("REDA"), which generally authorizes the North Carolina Commissioner of Labor to investigate certain labor violations, and prohibits retaliation against workers who make complaints under the Act. N.C.G.S. § 95-240 *et seq*. Plaintiff has not alleged a workplace violation of the sort

encompassed by the REDA, such as wage and hour or workplace safety violations, nor has she alleged that she exhausted her administrative remedies under that Act. See N.C.G.S. § 95-242 (requiring employee to file complaint within 180 days of alleged violation and obtain right to sue letter from Commissioner of Labor).

## CONCLUSION

For the reasons stated above, Defendant respectfully request that Plaintiff's request for entry of default be denied, and that her complaint be dismissed with prejudice.

Respectfully submitted this 24rd day of May, 2017.

JOSH STEIN
Attorney General


/s/ Robert M. Curran
Special Deputy Attorney General
N.C. State Bar No. 12375
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Facsimile: (919) 716-6755
Email: bcurran@ncdoj.gov

CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, and to further certify that the undersigned served the following non CM/ECF participant by depositing a copy of same with the United States Postal Service, first-class postage prepaid, and addressed as follows::

Rosita Sabrosso-Rennick
2507 Triangle Lake Road
High Point, NC 27260

This the 24th day of May, 2017.

/s/ Robert M. Curran
Special Deputy Attorney General