IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-114-BO

| | | |
|---|---|---|
| ROSITA SABROSSO-RENNICK, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| NORTH CAROLINA STATE ) | | |
| TREASURER, ) | | |
| Defendant. ) | | |

This cause comes before the Court on plaintiff's motion for entry of default, defendant's motion to dismiss, plaintiff's motion to amend, and plaintiff's motion to reissue summons. The appropriate responses have been filed or the time for doing so has expired and the matters are ripe for ruling.

## BACKGROUND

Plaintiff instituted this action by filing a motion to proceed *in forma pauperis*, which was granted by order entered March 24, 2017. Plaintiff's complaint alleges that she was retaliated against by defendant, her employer, in violation of Title VII of the Civil Rights Act of 1964 and further alleges a claim for retaliation in violation of N.C. Gen. Stat. § 1A-1. Summons prepared by plaintiff were issued and the complaint and summons were served by the U.S. Marshal. [DE 9]. After proof of service had been filed, plaintiff moved for entry of default against defendant pursuant to Fed. R. Civ. P. 55(a). Defendant then moved to dismiss plaintiff's complaint for insufficient process and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Defendant further seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff thereafter moved to amend her complaint and to have summons reissued so that service can be effected.

## DISCUSSION

At the outset, the Court grants plaintiff's motion for extension of time and deems her motion to amend and response to the motion to dismiss timely filed. Rule 15 of the Federal Rules of Civil Procedure directs that, where the time for amending a pleading as a matter of course has passed, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Court finds no prejudice or bad faith in plaintiff's request to amend, nor that amendment would be futile, and allows her motion to amend her complaint. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted).

"*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915." *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). Although plaintiff's summons did not identify the correct agent for service on defendant, good causes exists for permitting her an opportunity to effect proper service. Plaintiff's motion to reissue summons is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for extension of time [DE 15] is GRANTED. Plaintiff's motion to amend [DE 18] is GRANTED. The clerk is DIRECTED to file the amended complaint at [DE 18-2]. Plaintiff's motion to reissue summons [DE 17] is also GRANTED. The clerk is DIRECTED to prepare the summons and USM 285 form and to provide with them a copy of the original complaint, the amended complaint, the order granting *in*

*forma pauperis* status, and this order to the U.S. Marshals Service for service on defendant. Plaintiff's motion for entry of default [DE 10] is accordingly DENIED and defendant's motion to dismiss [DE 12] is also DENIED.

SO ORDERED, this 11 day of October, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3