# UNITED STATES DISTRICT COURT OF NORTH CAROLINA
## (Eastern Division)

FILED
APR 24 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**ROSITA SABROSSO-RENNICK**
3802 Delverne Road
Baltimore, Maryland 21218

**Plaintiff**

vs

**NORTH CAROLINA STATE TREASURER**
c/o Sam Hayes, General Counsel
Shannon Conley or Angela Cooper
3200 Atlantic Avenue
Raleigh, NC 27604

**Defendant**

Case#:5:17-CV-00114-BO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Now Comes, Rosita Sabrosso-Rennick, {Plaintiff}, and responds to the Defendant's Motion to Dismiss and for reasons state:

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff incorporates the facts and circumstances outlined in her Amended Complaint, and all previously filed Complaints, as if herein restated for reference.

### STANDARD FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, see Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In

1

passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." Jenkins v. McKeithen, 395 U.S. 411, 421(1969). Moreover, "the complaint is to be liberally construed in favor of plaintiff." (Id.) In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The standard for a motion to dismiss is well established. **<u>A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief</u>**. Carlson v. United States Dept. of Health and Human Services, 879 F. Supp. 545, 546 (D. Md. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

The Federal Rules of Civil Procedure **do not require a [Plaintiff] to set out in detail the facts upon which she bases her claim**. Conley at 45-46; rather, Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement

2

of the claim showing that the pleader is entitled to relief. Migdal v. Rowe Price-Fleming, Int'l, 248 F.3d 321, 326 (4th Cir. 2001.)

Motions to dismiss for failure to state a claim **are granted sparingly and with caution in order to make certain the plaintiff is not improperly denied a right to have his claim adjudicated on the merits**. Concerned Citizens v. Hubbard, 84 F. Supp. 2d 668, 669-70 (D. Md. 2000). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint, and not the facts that support it. Neitzeke v. Williams, 319, 326-27, 109 S. Ct. 1827, 1832 (1989). In the review of a motion to dismiss, well-plead allegations in the complaint are assumed to be true. Id. at 670 (citing Jenkins v. McKeithen, 395 S. Ct. 411, S. Ct. 1843, 23 L. Ed. 2d 404 (1969)). Thus, the complaint should be liberally construed in favor of the plaintiff. Jenkins, 395 U.S. at 421 (citing Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965)). An employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas framework. King v. Marriott International, 195 F. Supp. 2d 720, 724 (D. Md. 2002). Because this standard is a pleading standard and not an evidentiary standard, Plaintiff is only required to provide "a short and plain statement of

3

the claim showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. P. 8(a)(2). Id. (citing Swierkiewicz v. Sorema, 122 S. Ct. 992 (2002).

## MY ARGUMENT IN SUPPORT OF WHY THIS COURT SHOULD DENY THE MOTION

### 1. Plaintiff State law claims are not barred by Eleventh Amendment

The Defendant's argue that it enjoys Eleventh Amendment Immunity, thus, according to the Defendant, my state law claims fail as a matter of law.

It is axiomatic that pursuant to the Eleventh Amendment: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its terms the Amendment applies only to suits brought against a state by "Citizens of another State," it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Puerto Rico Aqueduct, 506 U.S. at 144. This immunity applies to state agencies that may be properly characterized as "arm[s] of the State," Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 280 (1977), as well as to state employees acting in their official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

4

The Eleventh Amendment, however, affords no protection to **local government entities and employees**. Id. at 70. The crucial question, therefore, in many Eleventh Amendment cases is whether an agency or official is properly characterized as an arm of the state, or of the local government. See *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979) (citing Mt. Healthy).

The Defendant, NC Department of State Treasurer, is an independent agency, thus, as a matter of law, is not an arm of the State. In fact, Defendant serves as an investment arm of the State Treasurer, not the State directly. Accordingly, the Defendant argument that they enjoy immunity fails as a matter of law.

## 2. **Plaintiff states a claim for violation of her due process rights.**

Defendant has attempted to reclassify Plaintiff's Due Process Claim, as one under 42 U.S.C. 1983, which it clearly it is not. A rudimentary review of Plaintiff's Amended Complaint, classifies her claims under **NC State Constitution Article I, Section 1**, not 42 U.S.C. 1983. The Defendant has cited no case, rule or law, that prohibits it from being sued under NC State Constitution, nor could it.

The "touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558

5

(1974). The Fourteenth Amendment right to "substantive due process" protects an individual against arbitrary government action that "shocks the conscience." *U.S. v. Salerno*, 481 U.S. 739, 746 (1987), citing *Rochin v. California*, 342 U.S. 165, 172 (1952). Where the government action at issue constitutes an executive act: The issue of fatal arbitrariness should be addressed as a "threshold question," asking whether the challenged conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Where the government action at issue constitutes an executive act:

> **"The issue of fatal arbitrariness should be addressed as a "threshold question," asking whether the challenged conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."**

*Hawkins v. Freeman*, 195 F.3d 732, 738 (4th Cir. 1999) (citations omitted).

Executive conduct is "fatally arbitrary" when it involves "abusing [executive] power or employing it as an instrument of oppression." Id. at 742. Further, conduct "intended to injure in some way unjustifiable by any government interest" is the conduct "most likely to rise to the conscience-shocking level." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)

Tellingly, Defendant do not argue that the Plaintiff has failed to allege conduct sufficiently arbitrary, egregious, and unjustifiable to be fairly said to

6

shock the contemporary conscience. The Defendant instead argue first that the Complaint fails to state a claim, because they are not liable under 42 U.S.C. 1983. ", which misses the mark.

In order to establish a substantive due process claim under the Fourteenth Amendment, plaintiffs must sufficiently allege "(1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." <u>Sylvia Dev. Corp. v. Calvert Cnty.</u>, Md., 48 F.3d 810, 827 (4th Cir. 1995). "The protection of substantive due process is indeed narrow and covers only state action which is 'so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" Id. (quoting <u>Rucker v. Harford Cnty.</u>, 946 F.2d 278, 281 (4th Cir. 1991)). Moreover, the North Carolina Constitution affords **Plaintiff a more expansive substantive due process right to be free from arbitrary and egregious governmental actions**.

"[W]e need not determine whether the alleged conduct violated a fundamental right. The Fourteenth Amendment also protects against arbitrary government action that is so egregious that it "shocks the

7

conscience" or offends a "sense of justice." *Toomer v. Garrett*, 155 N.C. App. 462, 470, 574 S.E.2d 76, 84 (2002) (citing *U.S. v. Salerno*, 481 U.S. 739, 746, 95 L. Ed. 2d 697, 708, 107 S. Ct. 2095 (1987); *County of Sacramento v. Lewis*, 523 U.S. 833, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998); *State v. Guice*, 141 N.C. App. 177, 541 S.E.2d 474 (2000)).

Article I, Section 19 of the North Carolina Constitution provides the basis for due process in North Carolina: **No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land**. No person shall be denied the equal protection of the laws; **nor shall any person be subjected to discrimination by the State** because of **race, color, religion, or national origin**.

Our courts have long held that "the 'law of the land' clause has the same meaning as 'due process of law' under the Federal Constitution." Nonetheless, federal court interpretations (including those of the United States Supreme Court) of due process under the Fourteenth Amendment of the United States Constitution, while highly persuasive, are not binding in construing the "law of the land" clause under N.C. Const. art I, § 19. It is axiomatic that our "State constitutional due process requirements may be more expansive than the minimal due process requirements of the United States Constitution," but that our state due process requirements under N.C. Const. art. I, § 19 must equal or surpass those imposed under U.S. Const.

8

amend. XIV. <u>State v. Guice</u>, 141 N.C. App. 177, 186-187, 541 S.E.2d 474, 480-481, 2000 N.C. App. LEXIS 1402, *14-17 (N.C. Ct. App. 2000) (internal citations omitted).

Defendant do not argue that Plaintiff had no constitutionally protected property interests. It is beyond question that, in North Carolina, a career State employee has a constitutionally protected property interest in continued state employment. See. e.g. <u>Snow v. N.C. HHS</u>, 2014 U.S. Dist. LEXIS 26033 (E.D.N.C. 2014). Plaintiff alleges she was a Information and Communications Specialist with Defendant for more than two years prior to the acts of which she complains (Comp. ¶ 4), and pursuant to N.C.G.S. 126-1.1, she was a career state employee. Defendant do not argue that their actions did not deprive Plaintiff of this interest. The actions of the defendant in retaliation for complaining of discrimination and subsequently orchestrating circumstances to terminate her amounts to a violation of her liberty interest.

Plaintiff had a property interest in the benefits afforded by the Defendant. A public employee may have a property right in particular benefits. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to

9

it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

Finally, Defendant fail to acknowledge that their actions also deprived Plaintiff of constitutionally protected liberty interests, including the right to work without being subjected therefore to arbitrary, coercive, and vindictive government action. Plaintiff has therefore pleaded claims for violation of her rights to substantive due process under both the United States and North Carolina Constitutions.

### a. **Procedural Due Process**

While Count 2 of the Complaint is captioned as a claim for violation of Plaintiff's rights to substantive due process, the Complaint also alleges facts stating a claim for violation of Plaintiff's rights to procedural due process. As noted above, Plaintiff has pleaded the existence of a number of protected property and liberty interests, and Defendant has not argued that the Plaintiff's allegations are insufficient to make out a deprivation of these rights. In Cleveland Bd. of Educ. v. Loudermill, the Supreme Court reiterated that the root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before he is deprived of any significant property interest. This principle requires 'some kind of a hearing' prior to the discharge

[or punishment] of an employee who has a constitutionally protected property interest in his employment. *Allen v. Dorchester County*, 2013 U.S. Dist. LEXIS 140577, *68, 2013 WL 5442415 (D. Md. Sept. 30, 2013) (citing *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985))(internal citations and quotations omitted).

Plaintiff was harassed, retaliated against and subsequently terminated, in violation of her due process, which constituted an adverse action. These adverse actions and assignment were made suddenly and irrevocably with Plaintiff being given no opportunity to be heard in advance. Thus Defendant provided Plaintiff no process whatsoever for contesting these arbitrary and detrimental government actions.

### 3. **Plaintiff states a claim for Retaliation Under Title VII**

Defendant attempts to have this court dismiss Plaintiff's retaliation claim on the basis that because the events took place over a period of seven (7) months, Plaintiff cannot demonstrate as a matter of law, that the retaliation was casually related to her termination.

This court must review the facts and circumstances of Plaintiff's complaint, in a light most favorable to her, with all inferences against the Movant, i.e. Defendant. Argo, this court must "believe" what plaintiff has stated in her complaint as "True". See ***Jenkins***, 395 U.S. at 421 (citing

Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965)).

Title VII proscribes discrimination against an employee because, in relevant part, she "has opposed any practice made an unlawful employment practice by this subchapter." **Boyer-Liberto v. Fontainebleau Corp.**, 786 F.3d 264, 281, 2015 WL 2116849 (4th Cir. 2015) (citing 42 U.S.C. § 2000e–3(a); Employees engage in protected oppositional activity when, inter alia, they "complain to their superiors about suspected violations of Title VII." *Boyer-Liberto*, 786 F.3d 264 at 281 (citing **Bryant v. Aiken Reg'l Med. Ctrs. Inc.**, 333 F.3d 536, 543–44 (4th Cir.2003).

To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove "(1) that she engaged in a protected activity," as well as "(2) that her employer took an adverse employment action against her," and "(3) that there was a causal link between the two events." Boyer-Liberto, 786 F.3d 264 at 281 (citing EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405–06 (4th Cir.2005). A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements. See Honor v. Booz–Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir.2004)).

Plaintiff may prove his Title VII retaliation claim either through direct and indirect evidence of retaliatory animus, or through the burden-shifting

framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 249, 2015 WL 2405266 (4th Cir. 2015) (citing Price v. Thompson, 380 F.3d 209, 212 (4th Cir.2004).

The Fourth Circuit has referred to these two "avenues of proof" as the "mixed-motive" framework and the "pretext" framework, respectively. Foster, 787 F.3d 243 at 249(citing Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-285 (4th Cir. 2004)).

For Plaintiff to show a causal relationship between her protected activity and Defendant's adverse action, Plaintiff must show there is a "temporal proximity" between the two. The Fourth Circuit has ruled that generally, a 2.5-month time frame between the protected activity and the adverse employment action is sufficient. See *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 253, 2015 WL 2405266 (4th Cir. 2015) (citing *King v. Rumsfeld*, 328 F.3d 145, 151 & n. 5 (4th Cir.2003).

Here, Defendant's adverse employment action (Defendant's termination of Plaintiff's employment by sending him the 405.03 letter and the payroll transfer change letter on December 17, 2012) occurred approximately one month or slightly over one month after Plaintiff engaged in the protected activity (Plaintiff's participation in the vote of no confidence against Chief

Goodwin). Thus, this time-period establishes a causal relationship between Plaintiff's protected activity and Defendant's adverse employment action.

Defendant attempts to conflate issues with regard to Plaintiff's Title VII claim. First, Defendant correctly states that the Plaintiff filed her discrimination claim in July 2015, however, what they fail to highlight is Plaintiff's allegations that since she filed her charge of discrimination, Defendant's conduct was retaliatory, over a period of time, leading to her termination. Specifically, the Complaint alleges the following timeline in support of her retaliation claim:

| DATE | DECISION MAKER | DISCIPLINE | COMMENT |
|---|---|---|---|
| 06-12-2014 | Hired | NA | New Employee (12 Month Probationary period/could have been let go for any reason). |
| 3-03-2015 | Mary Buonfiglio | None | Performance Review (Meets Expectations) |
| 07-21-2015 | Rosita Sabrosso-Rennick | None | **Filed allegation of discrimination.** |
| 09-22-2015 | Mary Buonfiglio | Negative Performance Review | **Placed on Performance Improvement Plan ("PIP")** |
| **November 20, 2015** | Mary Buonfiglio | Written Warning, unsatisfactory job performance. (Missing alleged | **Warning Placed in File.** |

| | | deadlines) | |
|---|---|---|---|
| **December 17, 2015** | Mary Buonfiglio | Allegation that Plaintiff missed a "Major Deadline". | |
| **January 8, 2016** | Sam Balohac, HR | NA | **Conducted an application background check.** |
| **January 29, 2016** | Kristen Bierline | Written Warning. Falsification of Job Application regarding education. Warning used to terminate the Plaintiff. | |
| **January 29, 2016** | Mary Buonfiglio | Written Warning regarding unsatisfactory job performance. Warning used to support termination. | |
| **February 8, 2016** | Mary Buonfiglio | Pre-Disciplinary Conference. | |
| **February 10, 2016** | Steve Toole | The Plaintiff was terminated. | |

Considering the facts in a light most favorable to her, Plaintiff shows that the Defendant consistently retaliated against her from the time of protected activity. Taken together, this evidence is sufficient to create a jury question regarding causation prong of the prima facie case.

Moreover, on January 8, 2016, Defendant conducted a background check, because Plaintiff filed a charge of discrimination and subsequently disciplined Plaintiff for allegedly falsifying a job application. Specifically the letter states: "**In Preparation of the administrative hearing arising out of your claims against your supervisor for discrimination, retaliation, and harassment, the Human Resources Office at the Department of State Treasurer made an effort to verify certain information on the job application submitted for the position of Marketing Officer..... during this research it came to light that you state that you received an associate degree in marketing from the Community College of Baltimore appears to be** FALSE....." **EXHIBIT A**

The foregoing letter belies the Defendant's argument that Plaintiff cannot prove a temporal proximity to her protected activity and her termination. The background check was solely performed as a result of Plaintiff's protected activity and was against the Defendant's own policies. Specifically, N.C.G.S. §126-30, states in relevant part that: b. "the employing authority within each department, university, board, or commission, shall verify the status of credentials and the accuracy of statements contained in the application for each **[n]ew employee within "[9]0 days"** from the date

of the employees employment". It is without dispute that Plaintiff was hired in June 2014, and that the background check was run in January 2016.

The foregoing is direct evidence of retaliation. Direct evidence is "evidence that the employer 'announced, admitted, or otherwise unmistakably indicated that [the forbidden consideration] was a determining factor.'" Stover v. Lincoln Publ'g, Inc., 73 F.3d 358, 1995 WL 764180, at *2 (4th Cir. 1995) (unpublished table decision) (alteration in original) (quoting Cline v. Roadway Express, Inc., 689 F.2d 481, 485 (4th Cir. 1982)). It is "evidence of conduct or statements that reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." Id. (quoting Fuller v. Phipps, 67 F.3d 1137, 1142 (4th Cir. 1995), abrogated on other grounds, Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)). "If believed, direct evidence 'would prove the existence of a fact . . . without any inference or presumptions.'" Jordan v. Radiology Imaging Assocs., 577 F. Supp. 2d 771, 779 (D. Md. 2008) (quoting O'Connor v. Consol. Coin Caterers Corp., 56 F.3d 542, 548 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996)).

In Cervantes v. Int'l Hosp. Assocs., No. 14-1356 (BJM), 2016 U.S. Dist. LEXIS 72223 (D.P.R. May 31, 2016), the Court found that a

reasonable jury could find retaliation due to the employer not conducting an application verification consistent with policy, despite is arguments that there was a suspicion of falsified information on the application a year earlier.

Plaintiff was subsequently terminated two (2) weeks later on February 10, 2016. **EXHIBIT B.**

Moreover, Plaintiff complained from July 2015 until December 2015, regarding Defendant's conduct in retaliation. **EXHIBIT C.**

Furthermore, Plaintiff did posses an Associate's Degree and Bachelors degree as represented in her application, thus, Defendant's did defame her in accusing her of falsifying her application. **EXHIBIT D.**

Plaintiff has stated a retaliation claim and has stated enough facts for a jury to determine if there is causation.

### 4. Plaintiff Request Leave to Amend her Complaint.

If this Court finds that the allegations in her complaint are lacking, Plaintiff respectfully request leave to amend her complaint, as justice may require.

### CONCLUSION

Plaintiff demonstrates that she has stated causes of actions against the Defendant and would be severely prejudice if the Court dismisses the case.

Respectfully Submitted,

*[signature]*

**ROSITA SABROSSO-RENNICK**
3802 Delverne Road
Baltimore, Maryland 21218
443-240-3260
rositarennick@yahoo.com
Plaintiff

## CERTIFICATE OF SERVICE

A copy of Plaintiff's Response to Motion to Dismiss was served on this 22nd day of April, 2018, by the Court's ECF filing System to the Lawyer of Record.

*[signature]*

**ROSITA SABROSSO-RENNICK**

## UNITED STATES DISTRICT COURT OF NORTH CAROLINA
### (Eastern Division)

**ROSITA SABROSSO-RENNICK**
3802 Delverne Road
Baltimore, Maryland 21218

**Plaintiff**

vs

Case#:**5:17-CV-00114-BO**

**NORTH CAROLINA STATE TREASURER**
c/o Sam Hayes, General Counsel
Shannon Conley or Angela Cooper
3200 Atlantic Avenue
Raleigh, NC 27604

**Defendant**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR A HEARING

Plaintiff request for a hearing on her Response to Defendant's Motion to Dismiss.

Respectfully Submitted,

**ROSITA SABROSSO-RENNICK**
3802 Delverne Road
Baltimore, Maryland 21218
443-240-3260
rositarennick@yahoo.com
Plaintiff