IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-114-BO

| | |
|---|---|
| ROSITA SABROSSO-RENNICK, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA STATE )<br>TREASURER, )<br>Defendant. ) | **ANSWER and**<br>**AFFIRMATIVE DEFENSES** |

NOW COMES the Defendant, North Carolina State Treasurer ("DST"), by and through undersigned counsel, and hereby provides its responses to the Plaintiff's Amended Complaint. By Order dated June 13, 2018, this Court dismissed all of the Plaintiff's claims in the Amended Complaint, with the exception of Plaintiff's claim for retaliation allegedly in violation of Title VII. Defendant therefore responds as follows:

### FIRST DEFENSE

All decisions and actions undertaken by Defendant regarding Plaintiff were based upon legitimate, non-discriminatory, non-pretextual, and non-retaliatory reasons, advancing its administrative processes and its analysis of the current legal standards.

### SECOND DEFENSE

Plaintiff's claims are barred by laches.

### THIRD DEFENSE

Plaintiff's claims contained in the Amended Complaint are barred to the extent they rely on events outside the applicable statutes of limitations.

### FOURTH DEFENSE

The employment practices of the Defendant relating to Plaintiff have been conducted in all respects in accordance with applicable state and federal law and in good faith.

## FIFTH DEFENSE

The Amended Complaint fails to show that retaliation was the "but for" cause of Plaintiff's dismissal from employment by Defendant. Therefore, the Amended Complaint fails to state a claim for relief under Title VII for retaliation.

## SIXTH DEFENSE

Plaintiff's claims are limited by the doctrine of after-acquired evidence.

## SEVENTH DEFENSE

To the extent that Defendant would be found liable to Plaintiff, Plaintiff's damages are limited, in whole or in part, by her failure to mitigate damages.

## EIGHTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charge.

## NINTH DEFENSE AND ANSWER

Defendant answers the numbered allegations of the Amended Complaint as follows:

1. Paragraph 1 is a statement and does not require a response.

2. Defendant admits the allegations in Paragraph 2.

3. The Defendant is without sufficient information or knowledge as to the allegations in Paragraph 3 so as to form a belief as to the truth of the matters asserted therein, and the same are therefore denied.

4. Defendant admits that Plaintiff is a female, aged 49, who was employed in the Supplemental Retirement Plans ("SRP") division of DST as an Information and Communications

Specialist II with the working title of Marketing Officer. Defendant further admits that Plaintiff's initial supervisor was Mary Buonfiglio – later "dotted line manager" – and that Plaintiff was dismissed for unsatisfactory job performance. The remaining allegations in Paragraph 4 are denied.

5. Defendant admits that Plaintiff contacted the Human Resources department about her concerns of racial discrimination in July of 2015. It is further admitted that Plaintiff engaged in conversation with Ms. Buonfiglio. The remaining allegations in paragraph 5 are denied.

6. Defendant admits that, while the Communication Officer position was vacant, Plaintiff was assigned some of the Communication Officer's job responsibilities that aligned with Plaintiff's job description as Marketing Officer. It is affirmatively alleged that Plaintiff originally applied for both the Marketing Officer and Communication Officer positions. The remaining allegations in Paragraph 6 are denied.

7. It is admitted that Ms. Buonfiglio had meetings with Plaintiff in July of 2015. It is further admitted that Plaintiff met with the Human Resources department and Ms. Stith and that a meeting was later scheduled for Plaintiff to have further discussions with Ms. Stith. The remaining allegations in Paragraph 7 are denied.

8. It is admitted that Plaintiff was dismissed from her position with Defendant on February 10, 2016. The remaining allegations in Paragraph 8 are denied.

9. It is admitted that Ms. Stith provided Plaintiff with information detailing state policy on discrimination and retaliation. The remaining allegations in Paragraph 9 are denied.

10. Defendant admits that Ms. Schribman was hired as Content & Communication Manager. Defendant further admits that Plaintiff was entrusted with an increasing level of responsibility while Plaintiff was employed by Defendant. The remaining allegations in Paragraph 10 are denied.

11.     It is admitted that the Content & Communications Manager was hired to manage the communications team for the Retirement Systems, including the SRP. It is further admitted that Ms. Buonfiglio was the "dotted line manager" for the Plaintiff. It is further admitted that the persons listed occupied the positions listed, with the caveat that Defendant cannot admit or deny the races listed for each person or that the spellings of the individuals' names are correct. The remaining allegations in Paragraph 11 are denied.

12.     It is admitted that Plaintiff's supervisor was the Content & Communication Manager and the Ms. Buonfiglio was Plaintiff's "dotted line manager". It is admitted that Plaintiff, along with Steven Mann, Michelle McDonald, and Margaret Frazier were part of the communications team. The remaining allegations in Paragraph 12 are denied.

13.     It is admitted that Ms. Buonfiglio and Ms. Schribman reported to Mr. Toole. The Defendant is without sufficient knowledge as to the remaining allegations in Paragraph 13 so as to form a belief as to the truth of the matters asserted therein, and the same are therefore denied

14.     It is admitted that plaintiff made an informal EEO complaint to HR in July 2015. It is further admitted that plaintiff filed a formal EEO complaint with HR in September 2015. It is admitted that Plaintiff filed a formal charge with the EEOC in December 2015. It is further admitted that plaintiff filed another EEOC complaint following her dismissal in March 2016. The remaining allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 are denied.

16.     It is admitted that Plaintiff received multiple written warnings regarding her failure to meet job performance standards. It is further admitted that Plaintiff received a written warning for falsifying a job application under N.C.G.S. § 126-30 in January 2016. It is further admitted that an initial check of Plaintiff's educational background indicated that Plaintiff had not received an

Associate's Degree from the institution indicated on Plaintiff's application. The remaining allegations in Paragraph 16 are denied.

17. It is admitted that Plaintiff received written warning for failure to deliver acceptable work within the established deadline. Plaintiff's failure to deliver the quarterly newsletter within the established printing deadline in December 2015 resulted in an additional expenditure of $72,344. It is further admitted that Mary Laurie Cece and Cathy Jarboe had supporting duties related to the newsletter. The remaining allegations in Paragraph 17 are denied.

18. It is admitted that Mary Laurie Cece was hired prior to Plaintiff's hiring. The remaining allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are admitted.

20. It is admitted that Plaintiff's employment began more than 90 days prior to receiving the written warning for falsifying a job application under N.C.G.S. § 126-30. The remaining allegations in Paragraph 20 are denied.

21. Defendant is without sufficient knowledge and information so as to form a belief as to the truth of the matters asserted in Paragraph 21 and the same are therefore denied.

22. It is admitted that Defendant gave Plaintiff a written warning for falsifying a portion of her job application, pursuant to N.C.G.S. § 126-30. The remaining allegations in Paragraph 22 are denied.

23. It is admitted that Plaintiff was hired on June 9, 2014 as a probationary employee. It is affirmatively alleged that, at the time of her employment, Plaintiff's probationary term was for 24 months, and in October 2015, state law was changed to decrease the probationary period to 12 months. It is further affirmatively alleged that, prior to that time, while a probationary employee, Plaintiff received coaching on her performance, rather than progressive discipline as required for

career status employees. It is admitted that in March 2015, Plaintiff had an interim review, wherein she received coaching but not a rating, as is DST policy for interim reviews. It is denied that she was assigned the rating "Meets Expectations" at that review. It is admitted that in July 2015, Plaintiff emailed HR to allege discriminatory treatment. It is admitted that in September 2015, Plaintiff received her annual performance review from Ms. Schribman and that Ms. Buonfiglio assisted in its preparation; was given the rating "Does Not Meet" expectations; and was placed on a Performance Improvement Plan dated December 30, 2015. It is admitted that Plaintiff received a written warning for unsatisfactory job performance on November 20, 2015 from Ms. Buonfiglio and Ms. Schribman. It is admitted that on December 17, 2015, Plaintiff failed to meet a major deadline for a SRP newsletter, costing SRP significant funds. It is admitted that in January 2016, an initial background check of the Plaintiff's educational credentials was obtained. It is admitted that on January 29, 2016, Plaintiff received two written warnings: the first from Kristen Bierline, Director of HR, for falsifying a portion of Plaintiff's job application, and the second from Ms. Buonfiglio for unsatisfactory job performance for failing to meet an important deadline. It is hereby affirmatively alleged that the written warning related to the Plaintiff's job application was not utilized as a basis for Plaintiff's dismissal. It is further admitted that on February 8, 2016, Plaintiff was notified of a Pre-Disciplinary Conference because her dismissal was being recommended, that the Pre-Disciplinary Conference was held on February 9, 2016, and that Plaintiff was dismissed on February 10, 2016 by Steve Toole, Director of the Retirement Systems Division of DST. The remaining allegations in Paragraph 23 are denied.

24. It is admitted that plaintiff's employment with Defendant was terminated on February 10, 2016. The remaining allegations in Paragraph 24 are denied.

25. Defendant denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 are statements/conclusions of law and do not require a response.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. The allegations contained in paragraphs 35 through 73 of the Amended Complaint contain allegations related to three claims that have been dismissed by the Court. See Order, June 13, 2018, (DE 32). Defendant therefore denies each and every one of the remaining allegations.

WHEREFORE, Defendant respectfully requests that the Court grant the following relief:

1. That the Plaintiff have and recover nothing of Defendant.

2. That the Court dismiss this Complaint, and all the claims therein, with prejudice.

3. That the Court award the Defendant costs and attorney fees, as allowed by law.

4. Grant Defendant such other relief as the Court deems just and proper.

Respectfully submitted, this the 27th day of June, 2018.

JOSHUA H. STEIN
Attorney General

/s/ Joseph A. Newsome
Joseph A. Newsome
Special Deputy Attorney General
N.C. State Bar No. 25434
jnewsome@ncdoj.gov

N.C. Department of Justice
PO Box 629
Raleigh, NC 27602
T: 919-716-6806
F: 919-716-6755

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER and AFFIRMATIVE DEFENSES** was served upon Plaintiff by depositing the same in the United States mail, first class postage prepaid, and addressed to:

Rosita Sabrosso-Rennick
3802 Delverne Road
Baltimore, Maryland 21218

This the 27th day of June, 2018.

JOSHUA H. STEIN
Attorney General

/s/ Joseph A. Newsome
Joseph A. Newsome
Special Deputy Attorney General