IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-114-BO

| | | |
|---|---|---|
| ROSITA SABROSSO-RENNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| | ) | |
| NORTH CAROLINA STATE | ) | |
| TREASURER, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court for issuance of a Scheduling Order. The court has reviewed the parties' respective Rule 26(f) Reports [DE #35 & #36] and orders the following:

### A. Initial Disclosures

Initial disclosures required by Rule 26(a)(1) shall be made by **August 17, 2018**. Any party making an appearance after this order has been entered shall be required to confer with the other parties and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty-one (21) days after the party's appearance. Such party shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the court.

B.  **Discovery**

1. The discovery period shall run from the date of entry of this Scheduling Order through **February 28, 2019**. All written discovery requests shall be made in time for responses to be served by February 28, 2019.

2. Discovery may be needed on the following subjects: Plaintiff's Title VII retaliation claim; Defendant's employment practices and policies; and Defendant's electronic communications related to Plaintiff for the period commencing one month prior to Plaintiff's report to Human Resources through the end of Plaintiff's employment with Defendant.

3. The maximum number of interrogatories by each party to another party shall be thirty (30). Answers to interrogatories shall be due thirty (30) days after service of the interrogatories.

4. The maximum number of requests for admission shall be thirty (30). Responses to requests for admission shall be due thirty (30) days after service of the requests.

5. The maximum number of oral depositions by each party shall be six (6). Unless otherwise stipulated by the parties or authorized by the court, each deposition shall be limited to one day of seven hours in accordance with Fed. R. Civ. P. 30.

6. Disclosure of any expert witnesses and submission of any reports thereof pursuant to Rule 26(a)(2) shall be made by **December 31, 2018**.

7. Supplementation must be made promptly after receipt of the supplementary information by a party or its counsel in accordance with Fed. R. Civ. P. 26(e) and in no event later than thirty (30) days prior to trial.

8. Pursuant to Fed. R. Civ. P. 29, the parties need not seek court approval of any agreements modifying the procedures or deadlines for discovery, except that the parties must obtain court approval of any agreement that would interfere with the time set for completion of discovery, for hearing of a motion, or for trial.

## C. Joinder/Amendment

Motions to join additional parties or to amend pleadings must be made promptly after the information giving rise to the motion becomes known and in no event later the following: (a) motions by Plaintiff shall be filed by **January 15, 2019**; and (b) motions by Defendant shall be filed by **January 31, 2019**. Nothing in this order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings.

## D. Dispositive Motions

All potentially dispositive motions shall be filed by **March 30, 2019**.

## E. Alternative Dispute Resolution

This action was not selected for mediation pursuant to the court's Alternative Dispute Resolution Rules, Local Civil Rules 101-101.3, E.D.N.C. However, the parties agree that mediation may enhance the settlement prospects of the case. On or before **September 30, 2018**, the parties shall confer and submit a joint statement (i) identifying the selected mediator in accordance with Local Civil Rule 101.lc(a), if the parties have reached an agreement as to the selection of a mediator; (ii) requesting the clerk to appoint a mediator from the list of court-certified mediators in accordance with Local Civil Rule 101.1c(b); or (iii) informing the court that the parties no longer wish to engage in private mediation.

The parties may also request the court to assist with settlement negotiations or other alternative dispute resolution, such as a court-hosted settlement conference or summary jury trial, by making available a judge other than the trial judge to explore these possibilities. The parties shall promptly notify the court of any settlement that may be reached in the case.

F.  Trial Preparation

This action will be set for trial by separate order of U.S. District Judge Terrence W. Boyle. Pursuant to the August 20, 2002, Standing Order entered by Judge Boyle, the court reserves the right to schedule the case for trial as early as thirty (30) days after the dispositive motion deadline. *See* 02-JP-1-BO, at http://www.nced.uscourts.gov/judges/boyle.aspx.

At least twenty-eight (28) days before the final pretrial conference, the parties shall provide to all other parties the pretrial disclosures required under Rule 26(a)(3). Any objections under Rule 26(a)(3) shall be served upon opposing parties at least twenty-one (21) days prior to the final pretrial conference. The parties shall submit to the court at least seven (7) days prior to the final pretrial conference a proposed final pretrial order as required by Local Civil Rule 16.1, E.D.N.C.

G.  Other Matters

On consent of all parties, and with the concurrence of the District Judge, this case may be referred to a Magistrate Judge for trial with a peremptory trial setting and the right of direct appeal to the Fourth Circuit. Should the parties desire to have this case heard by a Magistrate Judge, they should complete and file in CM/ECF a Consent and Reference to Magistrate Judge form. A copy of the form may be obtained

from the clerk or downloaded at http://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.

This 7th day of August 2018.

_____
KIMBERLY A. SWANK
United States Magistrate Judge